UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RAFIC SAADEH,

                              **Plaintiff,**

            -against-

MICHAEL KAGAN, et al.,

                              **Defendants.**

-----------------------------------------------------------------X

20-CV-01945 (PAE)(SN)

**SCHEDULING ORDER
FOR DAMAGES INQUEST**

**SARAH NETBURN, United States Magistrate Judge:**

        On January 29, 2021, the Honorable Paul A. Engelmayer referred this case to my docket to conduct an inquest and to report and recommend concerning Plaintiff's damages as to Defendant Estate of Irving Kagan (the "Estate"). It is now ORDERED that:

        1.     No later than 30 days after entry of this Order, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law describing all claimed damages and any other monetary relief as to the defendant Estate. Plaintiff should file this document, along with any accompanying exhibits and affidavits, to ECF under "Civil Events/Other Filings/Trial Documents." Plaintiff shall serve a complete copy of his filing and a copy of this Order by mail to the last known address of the Estate's administrator, Michael Kagan.

        2.     Plaintiff shall support his Findings of Fact and Conclusions of Law with affidavits and other documentary evidence. Each proposed finding of fact shall cite the evidence provided.

        3.     The defendant Estate shall file a response, if any, no later than 30 days after service. The defendant Estate shall respond to each Finding of Fact and Conclusion of Law

asserted by Plaintiff. The defendant Estate may also submit Counter Findings of Fact and Conclusions of Law. The defendant Estate shall support each finding of fact (in both its response to Plaintiff's filing, as well as its own Counter-Statement) with affidavits or other documentary evidence. Each proposed finding of fact shall cite the evidence provided.

4. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). Any party seeking an evidentiary hearing on damages must set forth reasons why the inquest should not be based upon the written submissions alone and include a description of what witnesses would be called to testify and the nature of the evidence that would be submitted.

5. A courtesy copy of any document filed with the Court shall be sent or delivered to the Court as required by the Individual Practices of Judge Netburn, paragraph III(b).

The Clerk of Court is respectfully directed to mail a copy of this order to the defendant Estate by way of the administrator of the Estate, Michael Kagan.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 2, 2021
         New York, New York