```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RAFIC SAADEH,

                                Plaintiff,                          20-CV-1945 (PAE)(SN)

                -against-                                           ORDER

MICHAEL KAGAN, et al.,

                                Defendants.
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

Defendant Michael Kagan, proceeding *pro se*, moves to redact portions of Plaintiff's second amended complaint so that certain paragraphs would not be visible on the public docket. See ECF No. 81. Specifically, Michael Kagan seeks to redact paragraphs that, he asserts, "contain[s] confidential financial information" about him and his business. Id. at 1. The Court denies Michael Kagan's request.

## BACKGROUND

Plaintiff Rafic Saadeh sued Defendant Michael Kagan and the Estate of Irving Kagan, alleging claims of breach of contract, promissory estoppel, and fraudulent conveyance against both defendants. ECF No. 4. Plaintiff seeks repayment and additional damages of a loan made to Irving Kagan, who passed away in 2020. Id. The original complaint was not filed under seal and Michael Kagan never requested that any redactions be made to the complaint.

On October 30, 2020, Plaintiff filed an amended complaint, adding additional fraudulent conveyance claims against Defendant Joshua Kagan. ECF No. 45. Again, Michael Kagan did not raise any confidentiality concerns.

On December 16, 2020, Plaintiff and Michael Kagan entered into a stipulation of confidentiality, which the Court approved. ECF No. 59.

On January 15, 2021, Michael Kagan filed a letter with the Court requesting that the Court require Plaintiff to file his forthcoming second amended complaint under seal, alleging that it would "contain, discuss and/or refer to Confidential Discovery Material" as defined in the parties' confidentiality order. See ECF No. 67. The Court ordered the parties to meet and confer on the nature of the alleged confidential material in the second amended complaint and instructed Michael Kagan to file a motion to have the second amended complaint filed under seal if the parties were not able to come to an agreement. ECF No. 69.

Michael Kagan filed a letter on February 8, 2021, which the Court construes as a motion to seal portions of Plaintiff's second amended complaint. ECF No. 81. Plaintiff responded that, while he "has no special, direct interest in public disclosure of any of the information in question," Michael Kagan's reasons were insufficient to warrant the partial redacting of the second amended complaint. ECF No. 83. Defendant Joshua Kagan subsequently moved to dismiss the second amended complaint on February 26, 2021. ECF No. 87. As a part of that motion, Joshua Kagan filed the Declaration of John Maggio in Support of the Motion to Dismiss, which included the second amended complaint as exhibit 3. ECF No. 88. Joshua Kagan also filed a letter motion requesting leave to file that exhibit under seal due to fact that Michael Kagan's motion to have the second amended complaint filed under seal was still pending. ECF No. 90.

## DISCUSSION

**I.    Legal Standard**

There is a presumption of public access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). It is only after balancing competing interests

that a court may take the step of limiting public access to judicial documents. Id. at 119–20. Accordingly, "motions to seal documents must be 'carefully and skeptically review[ed] . . . to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994)).

In order to evaluate a motion to seal, the Court first must determine whether the documents are judicial documents that are "relevant to the performance of the judicial function and useful in the judicial process." Lugosch, 435 F.3d at 115 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court must determine the weight of the common law presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents. Id. at 119–20. Third, the Court must assess whether there are any countervailing concerns that would weigh against full public access to the documents. Id. at 120.

**II.     Analysis**

Plaintiff's second amended complaint is unquestionably a judicial document subject to the presumption of public access. See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139–40 (2d Cir. 2016). Moreover, there is a strong right of public access to a complaint and the historical default has been to keep them publicly accessible as they serve a "significant positive role" in the judicial process. Id. at 141 (quoting Lugosch, 435 F.3d at 120) (internal quotation marks omitted).

"A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's

safety, or preservation of attorney-client privilege." Bernsten, 307 F. Supp. 3d at 168 (quoting Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467–68 (S.D.N.Y. 2017)). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

Michael Kagan seeks to have two separate portions of the second amended complaint redacted: paragraphs 27 through 29, and paragraphs 34 through 61. ECF No. 81. Paragraphs 27–29 lay out Plaintiff's allegations relating to his fraudulent conveyance claims against the Estate of Irving Kagan, Michael Kagan, and Joshua Kagan. Paragraphs 34–61 further discuss Plaintiff's fraudulent conveyance claim and describe Irving Kagan's alleged business in the last several years of his life, the amount of income he made during the time the loan was outstanding, and the process by which, it is alleged, Michael and Joshua Kagan's expenses were paid by Irving Kagan.

Michael Kagan asserts that both portions of the second amended complaint contain confidential financial information about him and his business. Id. at 1. He broadly claims that these paragraphs contain financial data and describe statements and behavior that are misleading or false. Id. Michael Kagan's arguments in this regard are not sufficient to overcome the presumption of public access. Similarly, his argument that the second amended complaint's allegations cast "aspersions" on him, his late father, Joshua Kagan, and Marni Kagan, Joshua Kagan's wife and a non-party, also fall short.[1]

The potential for a negative impact on a party's future business or social status does not outweigh the presumption of access. Under Seal, 273 F. Supp. 3d at 470 (citing Lugosch, 435 F.3d at 120) ("A possibility of future adverse impact on employment or the celebrity status of a

---

[1] Joshua Kagan has not sought to have the second amended complaint filed under seal.

party is not a 'higher value' sufficient to overcome the presumption of access to judicial documents."); see also Badinelli v. Tuxedo Club, No. 15-cv-06273 (VB), 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not outweigh the "interest in public access to the record"); Taylor v. Children's Vill., No. 20-cv-10997 (LLS), 2021 WL 467128, at *3 (S.D.N.Y. Feb. 8, 2021) ("A litigant's concerns that information contained in court documents will bring her adverse publicity or negatively impact her are insufficient reasons for a court to seal documents.").

Michael Kagan's assertion of the attorney-client privilege over portions of the complaint is similarly unavailing. Although the attorney-client privilege can be a compelling reason to overcome the presumption of access, Michael Kagan has not established that such a compelling reason exists here. See Lugosch, 435 F.3d at 125. The second amended complaint does not name any of Irving Kagan's clients or disclose any other information that would fall under the attorney-client privilege.

Finally, Michael Kagan also requests that "bank records and related analysis (proffered during discovery) and documents related to the transaction "Defendant Michael Kagan shall produce [. . .] responsive to Document Demand No. 2 be submitted under seal." ECF No. 81 at 1. Yet Michael Kagan's application does not indicate whether such documents are to be filed with Plaintiff's second amended complaint and copies of those documents were not filed along with Michael Kagan's motion to seal.[2] Accordingly, this request is DENIED without prejudice. If appropriate, Michael Kagan may renew his request to file such documents under seal if in fact Plaintiff intends to file such documents.

---

[2] The Court recognizes that paragraph 27 of the second amended complaint refers to "information that emerged through discovery in this case," but it does not cite to or reference any particular document. See ECF No. 81 at 10.

## CONCLUSION

Defendant Michael Kagan's request to have Plaintiff's second amended complaint filed under seal is DENIED. Plaintiff shall file on the docket his second amended complaint no later than March 19, 2021. Because this Order resolves Defendant Michael Kagan's motion to seal, Defendant Joshua Kagan's motion to file Exhibit 3 to the Declaration of John Maggio in support of Joshua Kagan's motion to dismiss the second amended complaint is DENIED without prejudice. Joshua Kagan shall file Exhibit 3 to the Declaration of John Maggio on the public docket no later than March 19, 2021.

The Clerk of Court is respectfully directed to DENY the motion at ECF No. 90.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 15, 2021
         New York, New York