**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**RAFIC SAADEH,**

                       **Plaintiff,**                  **20-CV-01945 (PAE)(SN)**

           -against-                              **ORDER**

**MICHAEL KAGAN, et al.,**

                       **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

      Plaintiff moves for reconsideration of the Court's order denying sanctions against Defendants Michael Kagan ("Michael") and Joshua Kagan ("Joshua") and Joshua's attorney, John Maggio. ECF No. 243. The Court assumes the parties' familiarity with the case, the underlying dispute that resulted in the sanctions motion, and the Court's February 10, 2023 Opinion & Order denying sanctions. The Court addresses only those facts relevant to the motion for reconsideration.

## STANDARD

      The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir.

1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader, 70 F.3d at 257).

## DISCUSSION

Plaintiff moves for reconsideration of the Court's decision denying him attorney's fees for the discovery conducted regarding the transfer of assets related to the UK Litigation. Notably, Plaintiff does *not* seek reconsideration of the Court's conclusion denying sanctions under Rule 16 or 28 U.S.C. § 1927, neither of which are cited in the motion papers. Although Plaintiff does not explicitly seek reconsideration of the Court's conclusion denying sanctions under its inherent authority, he argues that his "attorney time expended as a result of sanctionable conduct" is compensable. The Court assumes that this motion is bought under the "manifest injustice" prong of the reconsideration standard.

In support of his argument, Plaintiff cites to numerous cases that permit an award of attorney's fees once the court finds that sanctions are warranted. This proposition, of course, is uncontroversial. But the Court has concluded that sanctions were not warranted here, and Plaintiff fails to raise overlooked legal precedent or factual matters that would justify a different decision.

Plaintiff also argues that an award of attorney's fees is appropriate because the discovery was "ordered by the Court." Plaintiff cites no authority for the proposition that discovery that is permitted by Court order must be paid by the party that opposed the discovery. In any event, to be clear, the Court did not *mandate* the discovery, as Plaintiff's suggests, but granted Plaintiff's

repeated request to conduct it.[1] The Court began its proceeding by remarking that the dispute may "have been m[oo]ted" by subsequent events. Mar. 3, 2022 Transcript ("Tr."), 4:16. Plaintiff's counsel disagreed and, following a long colloquy, he requested that the Court "sua sponte . . . direct complete disclosure of all communications among the Kagans," among other things. Tr., 9:10-15. Before the Court responded, counsel continued: "I am again faced with asking the Court to step in at a minimum to require all of that information I mentioned because if it is anything, it is wrong." Tr. 12:18-20. Plaintiff's motion was granted, and the Court said it would consider a motion for sanctions at the appropriate time.

    Plaintiff seems to criticize the Court for granting his request for discovery when the Court already knew that the UK Litigation funds had been clawed back. But so did Plaintiff, and yet he requested permission to conduct discovery and expended, allegedly, more than $100,000 in fees exploring the issues. It is surely not the Court's responsibility to guide lawyers in their litigation tactics. Following the discovery, on a full record, the Court considered its legal authority and carefully evaluated the evidence. The Court concluded that Michael acted in bad faith and that Attorney Maggio acted in a manner that was inconsistent with his duty of candor under the Rules of Professional Conduct. But the Court also concluded that, under the law, these wrongdoings did not warrant sanctions. There is, therefore, no legal authority to compensate Plaintiff for the fees expended uncovering the misconduct engaged in by the Defendants.

---

[1] More specifically, the Court ordered Michael and Joshua to produce documents, presumably at no expenses to Plaintiff, and "authorized" Plaintiff to conduct depositions, presumably if counsel believe it necessary. Mar 3, 2022 Order, at ECF No. 190.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is requested to terminate the motion at ECF No. 243.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:	August 7, 2023
	New York, New York