UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFIC SAADEH,

                              Plaintiff,

         -v-

MICHAEL KAGAN, et al.,

                            Defendants.

20 Civ. 1945 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves the question of damages owed by defendant Joshua Kagan ("Joshua") to plaintiff Rafic Saadeh, pursuant to the jury verdict returned on November 16, 2023, following a four-day trial.

    The claims in this case arose from transfers of money to Joshua from his father, Irving Kagan ("Irving") on and shortly after July 6, 2017, the day that Irving received a $130,000 loan from Saadeh which Irving never repaid through his death in January 2020. The jury found Joshua liable on two counts of constructive fraudulent conveyance, brought under New York Debtor-Creditor Law ("DCL) §§ 273 and 274. Dkt. 316 ("Verdict Form") at 1. As to damages, the jury found that Irving had constructively transferred $57,929 to Joshua between July 6, 2017 and August 31, 2017. *See id.*; *see also* Dkt. 317 ("Jury Charge") at 19–20. All parties agree that the damages on the two counts are coterminous.

    This order arises because of a separate calculation the Court directed the jury to make. During trial, the Court inquired of counsel whether, under DCL §§ 273 and 274, a recipient of a fraudulent conveyance (Joshua) can mitigate damages by showing that, after the conveyance, he returned money to the source of the conveyance (Irving). The Court envisioned a hypothetical

situation in which, shortly after the fraudulent conveyance, the transferee paid the money back to the transferor. Defense counsel were unable to locate authority for this proposition. In an excess of caution, and mindful that the evidence reflected frequent payments back and forth between Irving and Joshua following the alleged fraudulent conveyances, the Court instructed the jury to calculate the net payments that Joshua made to Irving between August 31, 2017 and Irving's death. *See* Jury Charge at 20. The jury calculated this figure as $13,675. *See* Verdict Form at 2.

The Court directed counsel to submit post-trial briefs addressing whether there was legal authority authorizing the Court to offset the damages found of $57,929, and if so, whether the Court should exercise that authority. On November 30, 2023, the Court received a brief letter from Joshua advocating such an offset. Dkt. 328. On December 6, 2023, the Court received a letter from Saadeh opposing such an offset. Dkt. 332.

For the following two independent reasons, which are substantially those articulated by Saadeh, the Court declines to offset the jury's damages calculation of $57,929.

First, Joshua has not identified, and the Court has not found, any case authority that authorizes a reduction in damages for violations of DCL §§ 273 and 274, based on post-conveyance payments from the transferee to the transferor. The two cases Joshua cites speak to different issues entirely. In *Rosario v. 251 E. 123rd St. Realty, LLC*, No. 20 Civ. 7387, 2021 WL 2169020 (JSR) (S.D.N.Y. May 27, 2021), the district court (Rakoff, J.) entered summary judgment for the plaintiff on a claim of actual fraudulent conveyance under DCL § 276, and set aside the entire transfer, which had been of a building. *Id.* at *4. And in *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004), the district court (Chin, J.) recognized that proof of damages is an element of fraudulent conveyance, but noted case authority holding that such damages can be shown by a diminution of the value of the

2

debtor's estate as a result of the transfers. *Id.* at 375. Given the Court's instructions, the jury, in finding liability in this case, necessarily so found: the DCL § 273 claim contained as an element that Irving's transfers to Joshua of funds Saadeh had loaned him left Irving insolvent; and the DCL § 274 claim contained as an element that these transfers had left Irving with unreasonably small capital to repay Saadeh. *See* Jury Charge at 17–19.

Second, even if the law did authorize a district court to reduce a damages award based on post-conveyance payments from the transferee to the transferor, the facts of this case would not supply a sound basis on which to do so. There was literally no evidence adduced that Joshua intended any of his payments to his father after August 2017 to be used to repay his father's July 2017 creditor. There was no evidence that Joshua took any action to promote the repayment of Saadeh. And as Joshua admitted, the existence of such a creditor of his father (although not the creditor's identity) was known to Joshua as of July 6, 2017, the day of the Saadeh loan, when Irving paid Joshua $35,000 from the fruits of that loan. The evidence also did not reflect any steps taken by Irving to use such transfers as he received, including from Joshua, to draw down his debt to Saadeh.

To the contrary, the evidence at trial reflected a chaotic and nonsystematic pattern of payments made within the Kagan family for prosaic purposes wholly unrelated to Saadeh. This evidence consisted of the testimony of Joshua, his brother Michael Kagan, and his wife Marnie Kagan; financial records; and intra-family email and text communications. It reflected that, between September 2017 and Irving's death, Joshua and Irving sporadically paid money to each other, and/or covered expenses of each other's, and/or made gifts to one another, with the payor often depending on which of the Kagans was more liquid at the moment. That these payments, tabulated long after the fact, were found by the jury to reflect net payments by Joshua to Irving

3

of $13,675 has no bearing on the fraudulent conveyance found here. Therefore, even if the law gave the Court the discretion to reduce the damages based on subsequent payments from Joshua to Irving, the Court would not so exercise that discretion here. *Cf., e.g., Banks v. Travelers Cos.*, 180 F.3d 358, 364–65 (2d Cir. 1999) (within court's equitable discretion to determine an award of front pay); *Indu Craft, Inc. v. Bank of Bardo*, 87 F.3d 614, 617–18 (2d Cir. 1996) (affirming direction to reduce plaintiff's award by the amount of defendant's counterclaim based on equitable principles).

The Court therefore denies the motion of Joshua Kagan to reduce the fraudulent conveyance damages award by $13,675. The award, as found by the jury, is $57,929, plus applicable interest, to be calculated by the Clerk of Court.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 19, 2023
       New York, New York

4