UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFIC SAADEH,

                              Plaintiff,

              -v-

MICHAEL KAGAN, ET AL.,

                              Defendants.

20 Civ. 1945 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received defendant Michael Kagan's letter-motion for a stay of the

judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(b) and waiver of the

bond requirement therein. Dkt. 354.

Rule 62(b) provides for a stay of execution of a money judgment as of right upon posting

of a supersedeas bond. Fed. R. Civ. P. 62(b).[1] A district court can, in its discretion, waive the

bond requirement imposed by this rule. The Second Circuit has enumerated five non-exhaustive

factors to consider in exercising this discretion:

> (1) The complexity of the collection process; (2) the amount of time required to
> obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that
> the district court has in the availability of funds to pay the judgment; (4) whether
> the defendant's ability to pay the judgment is so plain that the cost of a bond would
> be a waste of money; and (5) whether the defendant is in such a precarious financial

---

[1] The rule providing for such a stay resided in former Rule 62(d) until Rule 62 was amended in
2018. Caselaw predating the amendment thus refers to what is now Rule 62(b) as Rule 62(d).
The only substantive change to the Rule was to allow a stay to be sought at any time after
judgment is entered, rather than only if and when an appeal is taken therefrom. *See* Wright &
Miller, Federal Practice & Procedure § 2905 (3d ed.).

situation that the requirement to post a bond would place other creditors of the
defendant in an insecure position.

*Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015).

As to the bond requirement, Michael Kagan argues only that it should be waived "given
the financial hardship previously recognized by the Court through the in forma pauperis status."
Dkt. 345 at 2, 4. However, the *Nassau County* factors, unlike the standard to proceed *in forma*
*pauperis* on appeal, do not focus on potential financial hardship to the judgment-debtor. They
aim instead to gauge whether the posting of a bond is unnecessary in a given circumstance "to
ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while
protecting the other side against the risk that payment cannot be recouped if the decision should
be reversed.'" *Nassau County*, 783 F.3d at 417 (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104
F.3d 123, 125 (7th Cir. 1997)).

Given this goal, the Court does not find any basis to waive the bond requirement here.
Quite the contrary, there is a real risk that the prevailing party, Rafic Saadeh, will not recover in
full, and this risk stands to grow if Saadeh is denied the opportunity to pursue recovery during
the period while an appeal is litigated, which could easily take more than a year. That Michael
Kagan has claimed that he is unable to pay the judgment or for a bond supports not waiving the
bond requirement, as he has not provided an acceptable alternative means of securing the
judgment against him. *See, e.g., Moore v. Navillus Tile, Inc.*, No. 14 Civ. 8326 (CM), 2017 WL
4326537, at *3 (S.D.N.Y. Sept. 28, 2017) (declining to waive bond requirement under *Nassau* in
view of judgment-debtor's stated inability to pay judgment or bond).

Because Michael Kagan seeks a stay of a money judgment pending appeal pursuant to
Rule 62(b), the Court does not have occasion to consider factors, such as the likelihood of
success on the merits, that are germane to motions for stays pending appeals of injunctions. *See*

*id.* ("It could, therefore, not be clearer that the 'traditional stay factors' . . . are inapplicable to [a motion for stay of money judgment].").

The Court, accordingly, denies Michael Kagan's motion to stay the judgment pending appeal and to waive the bond requirement of Rule 62(b).

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: February 14, 2024
New York, New York