UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFIC SAADEH,

                              Plaintiff,

            -v-

MICHAEL KAGAN, ET AL.,

                              Defendant.

20 Civ. 1945 (PAE) (SN)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received defendant Joshua Kagan's *pro se* motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Dkts. 358–59. Following the Court's entry of judgment on December 27, 2023, Dkt. 337, plaintiff Rafic Saadeh served Joshua Kagan with an "Information Subpoena with Restraining Notice" and "Questions in Conjunction with Subpoena." Dkt. 359 ¶ 6. These questions appear to inquire about Joshua Kagan's finances in connection with his status, pending appeal, as a judgment-debtor. *See generally*, Dkt. 359, Ex. 1 (Questions in Conjunction with Subpoena).

Through his Rule 26(c) motion, Joshua Kagan seeks a protective order relieving him of the duty to respond to certain of these questions that Kagan considers "overly broad and impermissible," Dkt. 359 ¶ 9, specifically "any questions directed to [Kagan's] adult sons' personal information and [Kagan's] spouse's finances," *id.* Kagan does not specify which of the 128 questions in the provided questionnaire he challenges in particular.

Regardless, having reviewed the questionnaire the Court will deny Kagan's motion with respect to questions aimed at assessing the finances of his spouse, Marni Kagan, but will grant it to the limited extent the questionnaire asks about the finances of Kagan's son. Evidence adduced

at trial, much put forward by Kagan himself, showed that Joshua and Marni Kagan's finances are intimately intertwined and fluid. As such, the limited inquiries plaintiff poses regarding Marni Kagan's finances are appropriate.

On the other hand, Joshua Kagan's son's finances have not been shown to be relevant. Thus, questions, to wit, # 23 ("Are any of your children employed?"), and # 41 ("Are any of your children officers, directors or shareholders (members) in any corporation (LLC)?), Dkt. 359, Ex. 1 at 3–4, have no proper bearing on plaintiff's efforts to collect on the judgment entered against Joshua Kagan.

Accordingly, the Court GRANTS in part Joshua Kagan's motion for a protective order, but only as to questions 23 and 41, and otherwise DENIES the remainder of the motion. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 358.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 8, 2024
New York, New York