

# SCAROLA ZUBATOV SCHAFFZIN PLLC

Alexander Zubatov
az@szslaw.com
(212) 757-0007 ext. 1004

March 10, 2025

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

      Re:    *Saadeh v. Kagan et al.*, No. 20-cv-1945 (PAE)

Dear Judge Engelmayer:

    We represent plaintiff Rafic Saadeh in this case. We write concerning the bad-faith conduct of Michael Kagan in his continued failure to respond to an information subpoena we served upon him, along with a restraining notice, by certified mail, return receipt requested, on December 11, 2024. As described below, despite Mr. Kagan's deadline to respond to the information subpoena having been extended from late December 2024 to January 31, 2025, Mr. Kagan failed to produce responses on that date and instead used the extra time to make a motion to quash/stay, which this Court promptly denied. Despite that denial, Mr. Kagan has still not produced any responses to the information subpoena and has granted himself yet more time to respond. We ask, as further described below, that a complete response to the information subpoena by Mr. Kagan by Friday, March 14th be ordered, at the risk of sanctions for continued defiance of his obligations.

    On December 17, 2024 (Dkt. 362) and December 19, 2024 (Dkt. 364), Mr. Kagan filed letters with the Court to ask for an extension until January 31, 2025 to respond to plaintiff's information subpoena. In asking for that extension, Mr. Kagan represented that the extra time would allow him to gather the responsive information the subpoena required:

> I am writing to respectfully request an extension until January 31, 2025, *to return the questionnaire* in connection with the subpoena issued by Mr. Saadeh....
>
> The timing of this subpoena also coincides with the holiday season, which presents practical challenges *in gathering the necessary information*. These include limited access to records, potential delays in coordinating with involved parties, and personal obligations during this period.
>
> For these reasons, I respectfully request that the Court grant an extension until January 31, 2025, *to allow sufficient time to respond thoroughly and accurately* to the subpoena.

## SCAROLA ZUBATOV SCHAFFZIN PLLC

Dkt. 364 (emphases added). Plaintiff did not object to the requested extension for the purpose Mr. Kagan stated, *viz.*, to gather information and respond, *see* Dkt. 365, and the Court granted Mr. Kagan's request. *See* Dkt. 364.

As it turned out, however, instead of using the extra time to respond to the information subpoena, as he represented he would, Mr. Kagan instead duplicitously used the extra time he was given to draft and file, on the subpoena response extended date due of January 31, 2025, a 38-page, single-spaced letter motion to quash the subpoena and/or stay enforcement. *See* Dkt. 367. On February 3, 2025, the Court promptly issued an order denying that motion. *See* Dkt. 369.

Despite this denial of his request for a stay or to quash the subpoena, Mr. Kagan nonetheless proceeded to grant himself a *de facto* stay. Plaintiff, expecting a response to the information subpoena from Mr. Kagan in short order, received nothing. Having waited a full month with no communication whatsoever from Mr. Kagan, I then emailed Mr. Kagan on March 4th to inquire about the status of his response and ask that it be produced immediately. (The email correspondence between myself and Mr. Kagan on this subject and as further described below is attached as Exhibit A hereto.)

Mr. Kagan's disingenuous response, emailed two days later on March 6th, claimed that he was "reasonably await[ing] further instruction" from the Court after the Court's denial of his motion to stay because "[t]he court denied my stay request after the original due date, and no new deadline was set." *See* Ex. A. He proposed to furnish a response by April 4th, an effective grant of yet *another* month-long extension. *See id.* As I pointed out in my response to Mr. Kagan the next day, his was in no wise a remotely reasonable construction of anything, with the January 31st deadline having passed only because Mr. Kagan himself chose to use the original extension he had been granted to draft his motion papers rather than to prepare a response to the information subpoena, and of course, with that motion having been denied, a response to the information subpoena was past due. *See id.* Nonetheless, in an effort to be courteous and avoid troubling the Court with this issue, I explained that we would consent to give Mr. Kagan another week from the date of my email, *viz.*, until March 14th, to produce a response. *See id.*

Mr. Kagan today — three days later — wrote to reject plaintiff's offer to accept his long-untimely responses by March 14th and to say he will "*aim* to provide them by March 28th." *Id.* (emphasis added).

This is, needless to say, unacceptable and continues the same pattern of dilatory and vexatious conduct that has characterized Mr. Kagan's actions both in the underlying litigation (in which, as the Court will recall, he continued repeatedly delaying in repayment of plaintiff's loan until after Mr. Kagan's father had died, whereupon Mr. Kagan immediately ceased communicating with plaintiff) and as concerns this information subpoena.

## SCAROLA ZUBATOV SCHAFFZIN PLLC

      For these reasons, we ask that the Court order Mr. Kagan to produce complete and thorough responses to the information subpoena by March 14th or incur sanctions for his failure to do so.

                                                         Respectfully submitted,

                                                         /s/ Alexander Zubatov
                                                            Alexander Zubatov

By ECF

---

Plaintiff Michael Kagan is hereby ordered to respond to the subpoena by Friday, March 14, 2025. No extensions will be granted. Failure to timely do so may result in sanctions.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Date: March 10, 2025