UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAFIC SAADEH,

                              **Plaintiff,**

             -against-

MICHAEL KAGAN, et al.,

                              **Defendants.**

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/2025

20-CV-01945 (PAE)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

Plaintiff Rafic Saadeh moves to compel non-party Marni Kagan ("Mrs. Kagan") to respond to and comply with Plaintiff's information subpoena and restraining notice. Plaintiff's motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this action. Accordingly, the Court recounts only those facts and procedural background necessary to understand and resolve this motion.

Following the judgment entered against Joshua Kagan on December 27, 2023, Plaintiff served him with an information subpoena. See Information Subpoena with Restraining Notice (Joshua Kagan), ECF No. 373-1. Joshua Kagan partially responded and filed a motion to quash any questions about his wife's (Marni Kagan) finances and their children. ECF Nos. 358-359. The Honorable Paul A. Engelmayer granted the motion as to two questions regarding Joshua Kagan's children and denied the remainder of the motion, including any questions regarding Mrs. Kagan's finances. ECF No. 361. Judge Engelmayer explained that "[e]vidence adduced at

trial, much put forward by [Joshua] Kagan himself, showed that Joshua and Marni Kagan's finances are intimately intertwined and fluid. As such, the limited inquiries posed regarding Marni Kagan's finances are appropriate." Id. at 2.

On December 11, 2024, Plaintiff served Mrs. Kagan with an information subpoena and restraining notice. Information Subpoena with Restraining Notice (Marni Kagan), ECF No. 373-5. Mrs. Kagan's information subpoena questionnaire included 131 questions. On January 7, 2025, Mrs. Kagan responded with an objection to the information subpoena questionnaire. ECF No. 373-9. She did not respond to any of the questions and made a blanket objection to both the information subpoena and restraining notice. Id. On January 23, 2025, Mrs. Kagan provided a supplemental affidavit to her January 7 objection. There, she stated:

> Be advised I do not share any bank accounts with Joshua Kagan. Currently and have not done so since the judgment was issued in this case. For a period of time, Joshua Kagan and I shared a joint Chase checking account, but after the judgement was entered in this matter, I removed myself from that checking account. I did not withdraw any funds. I have also removed myself from the JMK Consultants joint business account. I am currently being removed as a shareholder of JMK Consultants. I do not share any assets with Joshua Kagan outside of a few items of furniture.

Marni Kagan Supp. Aff., ECF No. 373-10 ¶¶ 8-10. On March 7, 2025, Plaintiff sent a letter to Mrs. Kagan to meet and confer regarding her January 7 and January 23 objections to the information subpoena and restraining notice. ECF No. 373-11. Mrs. Kagan responded that she was not a party to the matter, has no judgment against her, and that the 131 questions in the questionnaire were "overreaching, harassing and improper." ECF No. 373-12.

Plaintiff now moves to enforce the information subpoena and restraining notice against Mrs. Kagan.

**LEGAL STANDARDS**

I.   **Post-Judgment Information Subpoenas**

Federal Rule of Civil Procedure 69 permits judgment creditors to obtain discovery that would aid the enforcement of the judgment "from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under Rule 69, "any person" includes a non-party.

"Precisely because discovery to enforce a judgment is employed to discover assets of a recalcitrant judgment debtor, judgment creditors must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC, No. 20-cv-0936 (JGK)(RWL), 2021 WL 621226, at *2 (S.D.N.Y. Feb. 17, 2021) (internal citations omitted). Post-judgment discovery, therefore, has a primary focus on the transfers of assets by a judgment debtor seeking to avoid payment obligations. Judgment creditors can obtain discovery of non-party assets "where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt as to the bona fides of the transfer of assets between them." GMA Accessories, Inc. v. Electric Wonderland, Inc., No. 07-cv-3219 (PKC)(DF), 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012) (citing Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 562 (S.D.N.Y. 1977). The discovery must be "limited to a search for the judgment debtor's hidden assets." GMA Accessories, Inc., 2012 WL 1933558, at *4 (internal citation omitted); see also Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 15-cv-7505 (CM), 2016 WL 6208288, at *5 (S.D.N.Y. Oct. 18, 2016) ("Courts in this Circuit have regularly upheld non-party subpoenas seeking financial information where plaintiffs have otherwise shown the information to be relevant and narrow in scope." (internal citations omitted)).

**II.     Restraining Notices**

Pursuant to N.Y. CPLR § 5222, a restraining notice is permissible to "secure an asset that may be available to judgment creditors." A restraining notice "simply enjoins the debtor or third party from transferring the debt or property to which the restraint attaches." Amtrust N. Am., Inc., 2016 WL 6208288, at *6 (internal citations omitted). N.Y. CPLR § 5240 provides that "[t]he court may at any time, on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

Restraining notices issued pursuant to N.Y. CPLR § 5222 are effective against assets in which the judgment debtor has an "interest," and they "only reach property and debts with such a connection to the judgment debtor." AG Worldwide v. Red Cube Mgmt. AG, No. 01-cv-1228 (GEL), 2002 WL 417251, at *8 (S.D.N.Y. Mar. 15, 2002). This includes serving a non-party. See Kelly Toys Holdings, LLC v. alialialiLL Store, 606 F. Supp. 3d 32, 57 (S.D.N.Y. 2022) ("A restraining notice may be served on both the judgment debtor and third parties who hold assets of the judgment debtor." (citing N.Y. CPLR § 5222(a) (restraining notice "may be served on any person"); and N.Y. CPLR § 5222(b) (addressing restraining notices served both on judgment debtor and on "a person other than the judgment debtor"))).

However, if non-parties "do not have property or debts in which the judgment debtor has an interest, the restraining notices are not effective." AG Worldwide, 2002 WL 417251, at *8. The "[j]udgment debtor's 'interest' in property must be understood to mean a direct interest in the property itself which, while it may require a court determination, is leviable, and not an indirect interest in the proceeds of the property." Sumitomo Shoji New York, Inc. v. Chemical Bank New York Trust Co., 47 Misc.2d 741, 744 (N.Y. Sup. Ct. 1965), aff'd, 25 A.D.2d 499, 267 N.Y.S.2d 477 (1st Dept. 1966). "Restraining notices will be vacated where they fail to allege

4

with sufficient specificity the alleged interest that the judgment debtor has in the assets sought to be restrained." JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F. Supp. 2d 366, 392 (S.D.N.Y. 2003) (citing to Claymont v. Levitt, 140 A.D.2d 578 (2d Dep't 1988)).

## APPLICATION

### I.     Plaintiff's Post-Judgment Information Subpoena is Overbroad

Plaintiff, as judgment creditor, moves for the Court to compel Mrs. Kagan, a non-party, to respond to the 131 questions appended as a questionnaire to the information subpoena. ECF No. 373-5. The information subpoena served on Mrs. Kagan inquires broadly regarding her residential history, joint finances with Joshua Kagan, individual finances, personal insurance plan, real estate investments, furniture, will and testament, conveyances, ability to pay for living expenses, and income taxes.

Plaintiff and Mrs. Kagan both acknowledge that the permissible scope of a non-party information subpoena should be limited to determining whether there has been any transfer of assets between Mrs. Kagan and Joshua Kagan. See Pl. Mem. of Law, ECF No. 374, at 12 ("Critically" third-party discovery is permissible "to determine whether such transfers or concealment have occurred."); Marni Kagan Decl., ECF No. 383 ¶ 10 (inquiries "as to my involvement with JMK Consultants, my lack of further involvement with that company, the property and assets of Judgment Debtor, any transfers made by Judgment Debtor to me (or made to others), or any other actions taken by Judgment Debtor to allegedly conceal assets . . . would be proper"). The questionnaire presented by Plaintiff, however, is not "narrowly tailored toward the identification of [judgment debtor's] hidden assets." Cortes v. Juquila Mexican Cuisine Corp., No. 17-cv-3942 (RER), 2022 WL 970726, at *15 (E.D.N.Y. Mar. 31, 2022).

Accordingly, Plaintiff may serve Mrs. Kagan with a revised non-party information subpoena limited to determining whether any transfers to her or concealment by Joshua Kagan has occurred. For the parties' assistance, Questions 130 and 131 of the questionnaire would be permissible.

**II.    Marni Kagan Does Not Need to Comply with Plaintiff's Restraining Notice**

Plaintiff also moves to compel Mrs. Kagan to comply with the restraining notice. The restraining notice was made pursuant to N.Y. § CPLR 5222(b) and served with the information subpoena. The restraining notice prohibits Mrs. Kagan from "mak[ing] or suffer[ing] any sale, assignment, or transfer of, or any interference with, any property of the judgment debtor." ECF No. 373-5, at 2. This includes "all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts coming due from you to the judgment debtor." Id.

Plaintiff has not demonstrated at this time that Mrs. Kagan is in possession of concealed or fraudulently transferred assets from Joshua Kagan. See Blue Giant Equip. Corp. v. Tec–Ser, Inc., 92 A.D.2d 630 (3d Dep't 1983) (court permitted restraining notices against a non-party, when plaintiff made the prima facie showing of a fraudulent conveyance by the judgment debtor). Without evidence of transferred assets in Mrs. Kagan's possession, Plaintiff cannot seek a restraining notice. See Verizon New England Inc. v. Transcom Enhanced Servs., Inc., 98 A.D.3d 203, 204 (1st Dep't 2012) (affirming that "a restraining notice is effective only if, at the time of service, the [non-party] on whom the notice is served owes a debt to, or is in possession of property of, the judgment debtor").

Accordingly, Plaintiff's restraining notice is vacated because he fails to "allege with sufficient specificity the alleged interest" that is in Mrs. Kagan's possession and owed to Plaintiff. JSC Foreign Econ. Ass'n Technostroyexport, 295 F. Supp. 2d at 392.

## CONCLUSION

Accordingly, Plaintiff's motion to compel Marni Kagan's response to and compliance with the information subpoena and restraining notice is DENIED. Plaintiff may serve Mrs. Kagan with a revised information subpoena and questionnaire. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 372.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 20, 2025
         New York, New York